UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCU-TECH CORPORATION,

       Plaintiff,

v.

                                  CASE NO.  03-CV-71575-DT
                                  JUDGE NANCY G. EDMUNDS
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

HIRAM JACKSON; GREENFIELD
COMMERCIAL CREDIT, L. L. C.;
DONALD G. BARR; CLOVER
TECHNOLOGIES CAPITAL FUNDING,
L. L. C;

       Defendants.

**OPINION AND ORDER DENYING WITHOUT PREJUDICE IN PART AND
GRANTING IN PART PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS
(Doc. Ent. 95)**

Table of Contents

I.     OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    Previous Discovery Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.    The Instant Motion for Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     D.    Fed. R. Civ. P. 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     E.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          1.    Plaintiff's request for entry of its proposed order (concerning
               supplemental answers to interrogatory numbers 11, 12, 14, and 15 and
               interrogatory numbers 13 and 17) is denied without prejudice. . . . . . . . . 9
          2.    However, plaintiff's request for an award of expenses is granted. . . . . . 19

II.    ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

I. **OPINION**

A. **Background**

Plaintiff filed its original complaint on April 22, 2003. On July 9, 2004, plaintiff filed an amended complaint naming Hiram Jackson (Jackson); Greenfield Commercial Credit, L. L. C. (Greenfield); Donald G. Barr, Jr. (Barr); and Clover Technologies Capital Funding, L. L. C. (Clover) as defendants. (Doc. Ent. 62). Plaintiff's amended complaint alleges four counts: (1) violation of the Michigan Builders' Trust Fund Act as to all defendants; (2) constructive trust as to Greenfield and Clover; (3) conversion as to defendants Greenfield, Clover, and Barr; and (4) demand for an accounting as to Greenfield, Clover, and Jackson. Defendants Greenfield, Barr, and Clover filed an answer to the amended complaint on December 14, 2004. (Doc. Ent. 83).[1]

On June 9, 2004, defendants Greenfield and Barr filed a motion in limine regarding the burden of proof. (Doc. Ent. 41). By this motion, defendants specifically sought an order providing that plaintiff bears the burden of proving that (1) defendants have received funds in trust for each of the projects on which plaintiff makes a claim under the MBTFA and (2) plaintiff is a materialman on the projects regarding which defendants allegedly received funds in trust. On September 9, 2004, defendants Greenfield and Barr filed a motion for partial summary judgment. (Doc. Ent. 68). By this motion, defendants argued that the MBTFA had "no extraterritorial effect and therefore the [p]laintiff has no cause of action for those claims relating to projects located outside of Michigan[.]"   On January 14, 2005, Judge Edmunds entered an order denying without prejudice defendants' motion in limine and denying

---

[1] On December 2, 2004, in conjunction with plaintiff's July 7, 2004, motion to compel, plaintiff's counsel informed the Court that plaintiff and defendant Jackson were engaged in meaningful settlement discussion.

defendants' motion for partial summary judgment. (Doc. Ent. 97). In so doing, she noted that defendants' request was not properly the subject of a motion in limine and stated that the relief sought might properly be the subject of a motion for summary judgment or an issue in determining jury instructions. She also concluded that an MBTFA claim is permitted in this case.[2]

**B.     Previous Discovery Motions**

On March 31, 2004, defendant Greenfield filed a motion to compel production of documents. On June 8, 2004, defendant Greenfield filed a notice of withdrawal of its motion. On June 9, 2004, Magistrate Judge Pepe entered an order deeming the motion withdrawn.

On April 2, 2004, plaintiff filed a motion to compel defendants Greenfield and Barr to supplement their answers to interrogatory Nos. 11-15, 17, and 19 of plaintiff's first set of interrogatories. These interrogatories sought certain information or a denial/admission regarding the projects referenced in Exhibit 2 of plaintiff's complaint, as well as the bases supporting the affirmative defenses. On December 2, 2004, Magistrate Judge Whalen entered an opinion and order granting the motion but denying the request for costs.

On June 30, 2004, plaintiff filed a motion to compel defendants Greenfield and Barr to

---

[2]Judge Edmunds recognized that the elements of a civil remedy inherent in the MBTFA are:

> (1) the defendant is a contractor or subcontractor engaged in the building construction industry, (2) a person paid the contractor or subcontractor for labor or materials provided on a construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project. MCL 570.151 *et seq.*

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich. App. 43, 631 N.W.2d 59, 62 (Mich. App. 2001).

compel answers to second interrogatories and production of documents, and to determine the sufficiency of answers to requests for admission.  On March 9, 2005, I entered an order granting in part and denying in part plaintiff's motion.[3]  On March 31, 2005, I entered a consent order clarifying my March 9, 2005, opinion and order.

**C.     The Instant Motion for Sanctions**

On January 13, 2005, plaintiff filed a motion for Fed. R. Civ. P. 37 sanctions, due to defendants Greenfield and Barr's "failure to comply with their obligations under the Federal Rules of Civil Procedure and the December 2, 2004 Order of this Court."  (Doc. Ent. 95 [Mtn.]).[4]  Plaintiff requests that the Court enter plaintiff's proposed order or grant relief deemed appropriate by the Court.  Mtn. at 2.  On the same day, plaintiff filed a brief in support of its motion.  (Doc. Ent. 96 [Mtn. Br.]).

On January 24, 2005, this motion was set for hearing on Wednesday, February 2, 2005.  (Doc. Ent. 102).  On January 31, 2005, defendants filed a response.  (Doc. Ent. 103 [Rsp.]).  On February 1, 2005, plaintiff filed a reply.  (Doc. Ent. 105 [Rpl.]).

---

[3]In the order, I provided that plaintiff's counsel might submit to my chambers in letter form a list of the costs and fees to which he feels he is entitled under my ruling.  The order also provided that defense counsel would have an opportunity to respond to plaintiff's letter in like form.  In a letter dated March 24, 2005, attorney Lund stated that costs related to the reply brief totaled $1,928.80; costs related to the surreply brief totaled $2,518.70; and costs related to the hearing totaled $504.00 - a grand total of $4,951.50.

On April 25, 2005, I faxed the parties a letter inviting defense counsel to submit any such responsive letter on or before May 2, 2005, and providing that plaintiff may reply by letter within five days of receipt of defendants' response letter.

[4]On January 20, 2005, Judge Edmunds referred this motion to me for hearing and determination.  (Doc. Ent. 99).

On February 2, 2005, I held a hearing regarding the instant motion.[5]  (Doc. Ent. 106 [Trans.]).  Following oral argument, I took the motion under advisement.[6]

**D.     Fed. R. Civ. P. 37**

Fed. R. Civ. P. 37 governs the "[f]ailure to [m]ake [d]isclosure or [c]ooperate in [d]iscovery; Sanctions[.]" As to a failure to comply with a court order, the rule provides in pertinent part:

> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence[.]

Fed. R. Civ. P. 37(b)(2)(A) and 37(b)(2)(B).

---

[5]Plaintiff was represented by attorney Matthew J. Lund, and defendants were represented by attorney George A. Sumnik.

[6]On March 7, 2005, defendant Greenfield filed a motion to compel production of documents pursuant to Fed. R. Civ. P. 37(a)(2)(B). (Doc. Ent. 107).  At issue are defendant Greenfield's third set of interrogatories and second set of document requests, each of which were allegedly served on March 19, 2004.  Judge Edmunds referred this motion to me for hearing and determination. (Doc. Ent. 109).  Plaintiff filed a response on March 24, 2005 (Doc. Ent. 113), and defendant Greenfield filed a reply on April 5, 2005 (Doc. Ent. 116).  A hearing on this motion is scheduled for April 29, 2005.  (Doc. Ent. 118).

On April 14, 2005, Judge Edmunds entered a scheduling order setting the discovery deadline for August 1, 2005; the dispositive motion deadline for September 1, 2005; the final pretrial order due date for December 8, 2005; the final pretrial conference for December 15, 2005; and the jury trial for January 10, 2006.

"This court has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-155 (6th Cir.1988)). "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Freeland*, 103 F.3d at 1277. *See also Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997) (citing *Regional Refuse Systems, Inc.*, 842 F.2d at 153-155 ); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

**E.    Analysis**

Plaintiff's April 2, 2004, motion to compel sought supplemental answers to interrogatory Nos. 11-15, 17, and 19 of plaintiff's first set of interrogatories from defendants Greenfield and Barr. These interrogatories sought certain information or a denial/admission regarding the projects referenced in Exhibit 2 of plaintiff's complaint, as well as the bases supporting the affirmative defenses. On December 2, 2004, Magistrate Judge Whalen entered an opinion and order granting the motion but denying the request for costs. (Doc. Ent. 79, Mtn. Ex. 1). In so ruling, Magistrate Judge Whalen stated:

> The following factors support my decision to grant the Plaintiff's Motion to compel: (1) the information sought is highly relevant; (2) as shown in Exhibit 2, the Plaintiff has described the material sought "with reasonable particularity," Rule 34(b); (3) Defendants have possession and control of the Clover invoices,

and should not be absolved of their burden of production because of their own imperfect filing system; (4) in providing previous discovery, Defendants have shown that they do have the capability of identifying Clover invoices by number and account debtor[]; (5) under the totality of the circumstances, the burden of isolating the specifically requested material from the volume of other, irrelevant material more fairly and equitably falls on the Defendants.

(Doc. Ent. 79 at 6; Mtn. Ex. 1).

On or about December 16, 2004, defendants Greenfield and Barr provided supplemental answers to interrogatory Nos. 11-15, 17, and 19. Defendants answered interrogatory numbers 11-15 and 17 as follows:

> 11. Subject to the objections contained in the original interrogatory answers, except for the Prestonwood Baptist Church payment (addressed below), Greenfield has reviewed the documents in its possession including the document images contained on the CD Rom previously produced to Accutech in the course of this litigation and a review of Clover Technologies documents that were in the possession and custody of the Trustee and Greenfield cannot identify any payments received by Greenfield for the specific projects identified in Exhibit 2 to the Complaint. The Prestonwood Baptist Church check (Bates No. GF-04482) in the amount of $30,000 was dated January 9, 2003. The Prestonwood Baptist Church payment was never paid to Greenfield because Prestonwood apparently issued a stop payment notice to the bank the check was drawn on.
>
> 12. Subject to the objections contained in the original interrogatory answers, except for the Prestonwood Baptist Church payment (addressed below) Greenfield does not know what payments delivered to Greenfield relate to each of the projects referenced in Exhibit 2 to the Complaint based on the information known by Greenfield and after a thorough review of the records in the possession of Greenfield including the images contained in the CD Rom previously produced to Accutech in the course of this litigation and a review of the Clover Technologies documents that were in the possession and custody of the Trustee. The Prestonwood Baptist Church payment was never paid to Greenfield because Prestonwood apparently issued a stop payment notice to the bank the check was drawn on.
>
> 13. Subject to the objections contained in the original interrogatory answers, after a thorough review of the records in the possession of Greenfield including those documents contained on the CD Rom previously produced to Accutech in the course of this litigation and a review of files of Clover Technologies that were in the possession and custody of the Trustee, Greenfield is unable to describe any

> work performed by Clover Technologies with respect to the projects identified in Exhibit 2 to the Complaint for the time period from December 20, 2000 to the date of these interrogatory answers.
>
> 14. Subject to the objections contained in the original interrogatory answers, after a thorough review of the documents in the possession of Greenfield including those documents contained on the CD Rom previously produced to Accutech in the course of this litigation and a review of files of Clover Technologies that were in the possession and custody of the Trustee, Greenfield is unable to describe all orders submitted to Accu-Tech for materials for each project referenced in Exhibit 2 to the Complaint including, without limitation, the materials ordered, the materials delivered, the total amount due Accu-Tech for the materials and all payments made to Accu-Tech for the materials[.]
>
> 15. Subject to the objections contained in the original interrogatory answers, based on Greenfield's review of documents in its possession including those document images contained on the CD Rom produced to Accutech in the course of discovery in this matter, Greenfield does not know whether it has any documents or information with which it can dispute that the debts or any amount of any specific debt owed by Clover to Accutech referred to in Exhibit 2 to the Complaint is accurate or inaccurate. Greenfield notes that no depositions have been taken to date and other information may be available through the discovery process to support a dispute of the debts that Accutech claims are owed to it by Clover with respect to those projects identified in Exhibit 2 to the Complaint.
>
> 17. Subject to the objections contained in the original interrogatory answers, Greenfield does not know which Clover Technologies employees had the authority to direct, manage or perform work on any of the projects identified in Exhibit 2 of the Complaint. Greenfield is informed and believes that Les Alexander, Len Gilmore and Brian Atkinson played some role in directing the work as to Clover projects that may or may not include the projects identified in Exhibit 2 of the Complaint.

Mtn. Ex. 2.

Plaintiff argues that "the receipt and use of funds by Greenfield is a central issue in this case." Mtn. Br. at 2. According to plaintiff, the supplemental answers to interrogatory numbers 11-15 and 17 "are not answers at all; the supplemental answers provide no information, and blatantly disregard the Court's Order. With minor exception, each simply restates the alleged inability to answer that has already been rejected by this Court[.]" Mtn. Br. at 3. Attached to

plaintiff's motion is a proposed order granting plaintiff's motion to compel and imposing Rule 37 sanctions as to defendants Greenfield and Barr. Mtn. Ex. 4. The proposed order concludes that the December 16, 2004, supplemental answers "failed to comply with [defendants'] obligations under the Federal Rules of Civil Procedure in responding to Accu-Tech's Interrogatory Nos. 11-15 and 17[;]" establishes certain facts for purposes of this case; pursuant to Fed. R. Civ. P. 37(b)(2)(B), sets forth certain areas concerning which defendants shall be precluded from introducing evidence; and, pursuant to Fed. R. Civ. P. 37(b)(2), leaves a "blank" for the insertion of an amount of expenses to be paid to plaintiff as a result of defendants' failure to comply with the Federal Rules of Civil Procedure and this Court's December 2, 2004, order.

Defendants contend that, to date, "no one has been able to show that Greenfield received payments on these projects." According to defendants, "[t]here is no doubt that Greenfield received payments from certain account debtors, but that is not the issue in a builders trust fund action." Defendants contend that plaintiff, through its motion, seeks "to shed itself of the requirement to make its proof in this case." Rsp. at 2.

**1.    Plaintiff's request for entry of its proposed order (concerning supplemental answers to interrogatory numbers 11, 12, 14, and 15 and interrogatory numbers 13 and 17) is denied without prejudice.**

**a.    Plaintiff's argument**

Plaintiff argues that "[t]he Greenfield defendants' failure to obey the order of this Court and failure to comply with its discovery obligations under the federal rules warrants [] an order designating certain factual matters sought in interrogatory Nos. 11, 12, 14 and 15 as established." Mtn. Br. at 6-9. Plaintiff claims that defendant Greenfield has refused to answer these interrogatories and defendants "are clearly withholding the information sought by [plaintiff] in

9

an attempt to avoid liability." Mtn. Br. at 7.[7] Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A), arguing that it will otherwise "be nearly impossible for [plaintiff] to prove certain facts central to its claims. Specifically, certain requested information is in the exclusive control of the Greenfield Defendants." Mtn. Br. at 8.

Plaintiff also argues that "[t]he Greenfield defendants' failure to obey the order of this Court and failure to comply with its discovery obligations under the Federal Rules warrants [] an order precluding the Greenfield defendants from introducing evidence or opposing the claims for which information is sought in interrogatory Nos. 13 and 17." Mtn. Br. at 9-10. Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(B), noting that "the information sought by Interrogatory Nos. 13 and 17 ha[s] already been deemed by this Court to be highly relevant." Mtn. Br. at 10.

**b.    Defendants' response**

As an initial matter, defendants claim that Greenfield has complied fully with the Court's December 2, 2004, order. Rsp. at 2-5. Defendants claim that defendant Greenfield "has [gone] far beyond the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules in attempting to respond to [p]laintiff's discovery requests[,]" and their response sets forth several examples in support of this claim. Rsp. at 4-5. They contend that they "have

---

[7]With regard to defendants' answer that the $30,000, January 9, 2003, Prestonwood Baptist Church check was the only one defendants could identify, plaintiff contends that "other documents produced by Greenfield (which were presumably reviewed according to the representations of Greenfield's Credit Manager and Greenfield's President in verifying the Supplemental Answers) reflect that, on the same project, Greenfield received a payment of $15,000 in August, 2002." Mtn. Br. at 8. In support of this statement, plaintiff attaches Clover Technologies Inv. No. PRJ/22000699, noting a "Partial Billing for ABF project" to Prestonwood Baptist Church in the amount of $15,000, and documents apparently evidencing an August 2002, $15,000.00 payment on that invoice in the same amount. Mtn. Ex. 3.

actively participated in discovery and have made more than a good faith effort to respond to all of the [p]laintiff's requests[,]" and suggest that they are being asked to do something which is not possible. Rsp. at 5. Defendants claim that the sanction proposed by plaintiff "would be the equivalent of a default against the Greenfield Defendants and courts have viewed such requests in that fashion." Rsp. at 6, 6-7. They claim that none of the factors set forth in *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997) are present. Rsp. at 7. Defendants contend that plaintiff has not cited case law supporting the imposition of a sanction and point out that defendant Greenfield should not be sanctioned for failure to do something it may not have been able to do. Rsp. at 9.

Defendants Greenfield and Barr argue that they "have not 'refused' to respond[.]" Rsp. at 9-12. They claim that plaintiff's dissatisfaction with their answers is not a reason to impose Rule 37 sanctions. They further claim that "Greenfield does not possess the Clover business records to identify the genesis of the payments that it received from Clover's account debtors[,]" Rsp. at 10, "the Clover database [is] not available as it was abandoned at the Wixom facility[,]" and "the database was apparently of limited utility since an upgrade was not performed," Rsp. at 11.[8] Defendants note that "[p]laintiff was present at the Clover Wixom facility with access to the computer information for a period of at least two weeks."[9] Defendants argue that "[p]laintiff

---

[8]In support, defendants provide portions of the January 25, 2004, deposition of Susan Soli, a former Clover employee. Rsp. Ex. 1. According to defendants, Soli "apparently was able to identify only twenty entries on the nine pages identifying certain sales of Plaintiff to Clover. More telling is that even with the Clover date base, she was unable to or could not identify projects and product sales for the many rows of Plaintiff's sales which were not highlighted during her deposition-[.]" Rsp. at 10-11.

[9]In support, defendants cite the April 26, 2004, affidavit of Steven B. Tomasello (Rsp. Ex. 2 ¶ 11; Doc. Ent. 32 [filed May 5, 2004]) and plaintiff's March 22, 2004, responses to defendant Greenfield's second set of interrogatories (Rsp. Ex. 3).

should not now seek to make Greenfield the responsible party for its failure to compile the information necessary to make its case." Rsp. at 11. According to defendants, granting the requested relief "would effectively bar Greenfield from defending this action and would result in relieving the [p]laintiff from its burden of production[.]" Rsp. at 11-12. Defendants claim that "the $15,000 [Prestonwood Baptist Church] check . . . is merely evidence that [d]efendants missed one." Rsp. at 12.

Defendants also argue that "[t]he information sought is not in the exclusive control of the defendants[.]" Rsp. at 12-13. Defendants claim that "Accu-Tech now has in its possession all of the information that Greenfield has with respect to this matter."[10] Defendants also claim that "the documents in question are not Greenfield files[;] they are Clover files and Greenfield is no more familiar with them than Accu-Tech." Rsp. at 12.[11]

Defendants further argue that "[d]espite defendants' diligent efforts they still cannot identify the projects that plaintiff allegedly work[ed] on[.]" Defendants claim the project

---

[10]Within this argument, defendants rely upon the July 21, 2004, letter from Joseph H. Heckendorn (defense counsel) to James D. VandeWyngearde (plaintiff's counsel). Rsp. Ex. 4. In part, the letter states: "With these items along with the correspondence binders produced for your inspection today and Greenfield's earlier document productions, Greenfield has now produced all non-privileged responsible documents it has in its possession." Rsp. Ex. 4.

[11]In support of their efforts, defendants reference the April 26, 2004, affidavit of Steven B. Tomasello - defendant Greenfield's Credit Manager - which provides: "I have attempted to identify the projects for which Accu-Tech is claiming it has not been paid by Clover, including the records in the custody of the trustee, and have been unable to do so using the information provided in Exhibit 2 to the Complaint and the information provided in response to discovery. It is not possible to identify a project in the Greenfield files based on the project owner and geographic description." Rsp. Ex. 2 ¶ 17; Doc. Ent. 32 [filed May 5, 2004].
 Furthermore, during the hearing, defense counsel suggested that Tomasello "come in and testify and present proofs to this Court as to what was done in an effort to comply with Judge Whalen's order and the discovery requests." Doc. Ent. 106 at 35.

descriptions are inadequate and "[t]here is no way for Greenfield to identify these entries in its records." Rsp. at 13.

Finally, defendants argue that "[p]laintiff is overreaching[.]" Rsp. at 13-14. Defendants claim that sanctions are not warranted and suggest that defendant Greenfield's significant efforts can be substantiated by the presentation of Tomasello's testimony. Rsp. at 13. Defendants also claim that the requested sanctions are too severe for purposes of Fed. R. Civ. P. 37. They contend that "[p]laintiff cannot, through the Clover documents or any other evidence, prove its case. It now hopes to convince the Court that it shouldn't have to prove its case at all but that all of these critical facts should be found in its favor based on Greenfield's inability to respond more fully." Rsp. at 14.

**c.     Plaintiff's reply**

In reply, plaintiff argues that "Greenfield's 'impossibility' argument is moot other than to show its bad faith." Rpl. at 1-3. Plaintiff cites the Prestonwood Baptist Church example and contends that "simple diligence . . . would have revealed funds collected on this project and the others." Rpl. at 1. Additionally, plaintiff contends that it "has previously shown the Court other examples of what [defendant] Greenfield has 'missed.'" Rpl. at 2.[12] Plaintiff also contends that in certain instances, "when [defendant] Greenfield's knowledge would not lead to liability against Greenfield, Greenfield was fully able to review and understand its records on Clover projects." Rpl. at 3.

Additionally, plaintiff replies that "Greenfield's case law is inapplicable[,]" because

---

[12]Plaintiff claims that in defendants' January 6, 2005 surreply to plaintiff's June 30, 2004, motion, they argued that "the invoice and collection information is irrelevant as it could not be tied to the Clover purchase order to Accu-Tech." Plaintiff argues that, even if defendants' argument was true, "Greenfield . . . could indeed perform that function." Rpl. at 2.

plaintiff is not seeking Fed. R. Civ. P. 37 dismissal.  Rpl. at 3-4.  In any event, plaintiff argues, the *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) factors (bad faith, prejudice, warning, and futility of less drastic sanctions) are present.  Rpl. at 3-4.

**d.     Conclusion**

I agree with defendants' assertion that the sanction sought by plaintiff is too severe.  Rsp. at 13-14.  With respect to interrogatory Nos. 11, 12, 14, and 15, plaintiff seeks an order providing that:

> (1)     Greenfield received funds on the projects at issue in an amount equal to or greater than the amounts identified in Exhibit 2 to Accu-Tech's First Amended Complaint (Interrogatory 11);
> (2)     Greenfield has improperly retained the funds that it received from the project owners identified in Exhibit 2 to the First Amended Complaint and has failed to use the funds for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen on the project in violation of the [MBTFA] (Interrogatory No. 12);
> (3)     Accu-Tech has established that it supplied materials to each of the projects identified in Exhibit 2 to the First Amended Complaint (Interrogatory No. 14);
> (4)     Accu-Tech has established that it remains unpaid for materials supplied on each of the projects in the specific amount identified in Exhibit 2 to the First Amended Complaint (Interrogatory No. 15)[.]

Mtn. Br. at 8-9.  With respect to interrogatory Nos. 13 and 17, plaintiff seeks an order providing that:

> (1)     the Greenfield Defendants shall be precluded from introducing evidence as to the nature of the work performed by Clover, Accu-Tech or any other person or entity on any of the projects identified in Exhibit 2 to Accu-Tech's First Amended Complaint, in defending against any of the claims asserted in this lawsuit; and
> (2)     the Greenfield Defendants shall be precluded from introducing evidence to dispute the involvement, to whatever extent established by AccuTech, of any employee, officer, agent or independent contractor of Greenfield on each of the projects identified in Exhibit 2 to Accu-Tech's First Amended Complaint (Interrogatory No. 17).

Mtn. Br. at 10.

For purposes of this motion, I assume *arguendo* that entry of such an order would "be the equivalent of a default against the Greenfield Defendants[.]" Rsp. at 6, 6-7. "Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery." *Wittman v. Wilson*, No. 03-1719, 2004 WL 193172, **2 (6th Cir. 2004) (unpublished). *See also Maldonado v. Thomas M. Cooley Law School*, No. 02-2095, 2003 WL 21130032, **2 (6th Cir. 2003) (unpublished).

Examining the *Freeland* factors, I conclude that plaintiff's request for entry of the above-proposed order should be denied. As to the first factor, I am not convinced that defendants acted with the requisite "willfulness, bad faith, or fault". *Freeland*, 103 F.3d at 1277. In arriving at this conclusion, I am persuaded by *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958), where the Supreme Court considered "whether Fifth Amendment due process is violated by the striking of a complaint because of a plaintiff's inability, despite good-faith efforts, to comply with a pretrial production order." *Societe Internationale Pour Participations Industrielles et Commercials, S.A.*, 357 U.S. at 210. The Court concluded that "petitioner's failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control[,]" *id.* at 211, and decided that "dismissal of the complaint with prejudice was not justified[,]" *id.* at 213.

Judge Whalen has already ruled on defendants' ability to respond to the discovery requests at issue. However, I do not doubt defendants' representations about their attempts to comply with plaintiff's discovery requests, such as the hours invested by defendant Greenfield personnel and attorneys. Rsp. at 4-5. Likewise, I do not find that these representations were

made in bad faith.  Finally, I do not find that defendants' failure to supplement their answers beyond what they have already done was the result of an intentional act to deprive plaintiff of the information it seeks.  *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990) (affirming district court's entry of default judgment, noting that "none of the defendants, who now collectively concede their failure to appear at the various scheduled depositions, allege an inability to comply with the bank's court-sanctioned discovery requests.  Their repeated failure to appear on numerous occasions suggests their 'willfulness, bad faith, or fault.'").[13]

As to the third factor, "[t]he pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness."  *Maldonado*, 2003 WL 21130032 at \*\*3.  *See also Mullins v. Toyota Motor Mfg.*, No. 01-5600, 2002 WL 123686, \*\*2 (6th Cir. 2002) (unpublished).  Here, there has been no pre-dismissal warning.

In light of these factors, I conclude that entry of plaintiff's proposed order is inappropriate at this time.  However, I also conclude that defendants have not adequately complied with Judge Whalen's December 2, 2004, order.

As plaintiff correctly points out, Magistrate Judge Whalen has already ruled upon

---

[13]During the hearing, defense counsel stated that defendant Greenfield could "prepare a report that shows all payments that were received by Greenfield from the account debtors[,]" but his client cannot "link it to the project[.]"  Doc. Ent. 106 at 25.

On rebuttal, plaintiff's counsel stated that the report offered by defense counsel is "not good enough."  Doc. Ent. 106 at 45.  He further stated that he did not see how an expert would resolve the factual issue of whether defendant Greenfield did or did not get money on a particular project.  Doc. Ent. 106 at 46.

In further argument, defense counsel stated that the information which plaintiff attached as exhibits are Clover records - not business records of defendant Greenfield.  Doc. Ent. 106 at 48.  Furthermore, defense counsel opined that a notice by plaintiff to take a Fed. R. Civ. P. 30(b)(6) deposition could be helpful; however, "but again, the – the link to the project just won't be there as the account-to-debtor payment."  Doc. Ent. 106 at 48-49.

16

defendant Greenfield's ability to respond to the discovery requests.  Rpl. at 1.[14]  More importantly, plaintiff has attached documents regarding the Chrysler, Newark project (Rpl. Ex. 1) which purportedly "tie[] the project number in the clover purchase order (168944) with the invoice (referencing project 168944, and Greenfield's collection reports, referencing payment on that invoice.)."  Rpl. at 2.

I assume, *arguendo*, that plaintiff will suffer prejudice - the second Freeland factor - if it does not receive the requested information.  As plaintiff argues, "[a]n essential element to [its] case is whether Greenfield collected and misused funds on each project at issue. . . . Greenfield's refusal to provide responsive answers is highly prejudicial to Accu-Tech's case."  Rpl. at 3; *see also* Doc. Ent. 106 at 8, 17, 43.  However, as defense counsel alluded during the hearing, the case schedule effects the potential prejudice.  Doc. Ent. 106 at 20-21.  As previously noted the discovery deadline is August 1, 2005.

In fashioning a resolution of the instant motion, I start from the following portion of my March 9, 2005, order:

> At issue in plaintiff's April 2, 2004, motion to compel were some interrogatories which sought information regarding the projects listed in Exhibit 2 of the complaint, as well as an interrogatory regarding defendants' affirmative defenses.  In his December 2, 2004, order regarding the April 2, 2004, motion, Magistrate Judge Whalen acknowledged defendants' objection that plaintiff had

---

[14]At the hearing, defense counsel stated that "the link needs to be made by Clover."  He further suggested that the Soli deposition evidences her need for a link.  Doc. Ent. 160 at 29.  He also claimed that he did not "know whether [his] client would ever be able to link it to the project."  Doc. Ent. 160 at 30.

On the other hand, plaintiff's counsel explained that, before the filing of the instant lawsuit, his client met with Soli and the results of that meeting ("On this Accu-Tech invoice, material was supplied to this Clover project.") are in binders which have been given to defense counsel.  According to plaintiff's counsel, the discovery requests states, "[O]n this project – regardless of Accu-Tech and what Accu-Tech did, . . . tell us what funds came in, and tell us how those funds were used."  Plaintiff claimed that Clover is not needed.  Doc. Ent. 160 at 41.

17

> "failed to adequately identify the projects in Exhibit 2 of the Complaint[,]" and defendant's claim that they "produced a CD ROM containing images of every Clover payment received[.]" (Doc. Ent. 79 [12/02/04 order] at 5). However, he stated that defendants' approach did not show "substantial compliance with a legitimate discovery request for clearly relevant information[,]" and "would place an unfair burden and expense on the Plaintiff." In granting the motion, Magistrate Judge Whalen noted, in part, that plaintiff had described the requested material "with reasonable particularity," pursuant to Rule 34(b); defendants had possession and control of the Clover invoices, "and should not be absolved of their burden of production because of their own imperfect filing system;" and defendants had "shown that they do have the capability of identifying Clover invoices by number and account debtor." *Id*. at 6. Although Magistrate Judge Whalen suggested that the parties work together where possible, he concluded that "the ultimate burden of compliance with the discovery request falls on Defendants." *Id*. at 6-7.

(Doc. Ent. 110 at 12). Because of the reasons cited in Magistrate Judge Whalen's December 2, 2004, order and based upon plaintiff's examples that it was possible to locate two of the "needles in the haystack," I granted plaintiff's June 30, 2004, motion to compel to the extent it sought further responses to its first requests for admission from defendant Greenfield. (Doc. Ent. 110 at 13-14). Furthermore, I stated that if defendants did not provide further responses to request for admission Nos. 1-280 within thirty (30) days of the date of my order, then the Court would deem admitted the matters addressed by these requests. (Doc. Ent. 110 at 15).

Imposition of a similar directive here is consistent with the fourth Freeman factor - "whether less drastic sanctions were first imposed or considered." *Freeland*, 103 F.3d at 1277. Therefore, as in my March 9, 2005 ruling, I conclude that defendants shall have thirty (30) days from the date of this order within which to further supplement their answers to interrogatory numbers 11, 12, 14, and 15 and interrogatory numbers 13 and 17. If no further supplementation is provided, plaintiff may renew its motion - at which time the Court will re-evaluate plaintiff's

request for entry of the above-described proposed order.[15] Defendants should construe this conclusion as a warning that a failure to further supplement its answers may result in the entry of an order containing plaintiff's above-described proposals.

**2.      However, plaintiff's request for an award of expenses is granted.**

Plaintiff argues that "Accu-Tech is entitled to an award of its expenses, including attorneys fees incurred in relation to this motion." Mtn. Br. at 11. Plaintiff claims "[t]his is the third motion[[16]] that Accu-Tech has been forced to fully brief and argue to seek the Court's intervention in addressing the Greenfield Defendants' improper disregard of the discovery Rules." Mtn. Br. at 11.

As previously mentioned, Magistrate Judge Whalen denied the request for costs with regard to the April 2, 2004, motion, and compliance with the order addressing that motion is the subject of the instant motion for sanctions. Plaintiff claims it "should not have to continue enduring these unnecessary costs occasioned solely by Greenfield's disregard" for the Federal Rules of Civil Procedure and the Court's December 2, 2004, order. In addition to sanctions, plaintiff seeks "an award of its reasonable expenses, including attorneys fees actually incurred in

---

[15]My conclusion is unaltered by defendants' claim that "Accu-Tech now has in its possession all of the information that Greenfield has with respect to this matter." Rsp. at 12. It does not matter whether "certain requested information is in the exclusive control of the Greenfield Defendants[,]" Mtn. Br. at 8. Magistrate Judge Whalen has already stated that Defendants have possession and control of the Clover invoices, and should not be absolved of their burden of production because of their own imperfect filing system. (Doc. Ent. 79 at 6).

[16]Presumably, plaintiff is referencing its (1) April 2, 2004, motion to compel defendants Greenfield and Barr to supplement their answers to interrogatory Nos. 11-15, 17, and 19 of plaintiff's first set of interrogatories (Doc. Ent. 14) and (2) June 30, 2004, motion to compel defendants Greenfield Commercial Credit, L. L. C., and Donald G. Barr to answer second interrogatories and production of documents and to determine the sufficiency of answers to requests for admission (Doc. Ent. 54).

bringing this [m]otion." Mtn. Br. at 11.

In light of my conclusion that defendants have not sufficiently responded to Judge Whalen's December 2, 2004 order, plaintiff's request for reasonable expenses associated with the instant motion is granted.  Plaintiff's counsel may submit in letter form a list of the costs and fees to which he feels he is entitled under my ruling.  Defense counsel may respond to any such letter within seven days of receipt of a copy of this letter.  Plaintiff may reply to any response by defendants within five days of a receipt of a copy of the response.  After reviewing these letters, I will address plaintiff's request for costs and attorney fees.

## II.     ORDER

In accordance with the foregoing opinion, plaintiff's January 13, 2004, motion for sanctions is DENIED WITHOUT PREJUDICE IN PART and GRANTED IN PART.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

                                                              s/Paul J. Komives
                                                              PAUL J. KOMIVES
Dated: April 27, 2005                                         UNITED STATES MAGISTRATE JUDGE