UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCU-TECH CORPORATION,

      Plaintiff,

v.

      CASE NO.  03-CV-71575-DT
      JUDGE NANCY G. EDMUNDS
      MAGISTRATE JUDGE PAUL J. KOMIVES

HIRAM JACKSON; GREENFIELD
COMMERCIAL CREDIT, L. L. C.;
DONALD G. BARR; CLOVER
TECHNOLOGIES CAPITAL FUNDING,
L. L. C;

      Defendants.

**OPINION AND ORDER DENYING DEFENDANT GREENFIELD COMMERCIAL
CREDIT, L.L.C.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
(Doc. Ent. 107)**

**I.    OPINION**

**A.    Background**

Plaintiff filed its original complaint on April 22, 2003.  On July 9, 2004, plaintiff filed an amended complaint naming Hiram Jackson (Jackson); Greenfield Commercial Credit, L. L. C. (Greenfield); Donald G. Barr, Jr. (Barr); and Clover Technologies Capital Funding, L. L. C. (Clover) as defendants.  (Doc. Ent. 62).  Plaintiff's amended complaint alleges four counts, including a violation of the Michigan Builders' Trust Fund Act as to all defendants.

On June 9, 2004, defendants Greenfield and Barr filed a motion in limine regarding the burden of proof.  (Doc. Ent. 41).  By this motion, defendants specifically sought an order providing that plaintiff bears the burden of proving that (1) defendants have received funds in trust for each of the projects on which plaintiff makes a claim under the MBTFA and (2) plaintiff is a materialman on the projects regarding which defendants allegedly received funds in trust.

On September 9, 2004, defendants Greenfield and Barr filed a motion for partial summary judgment. (Doc. Ent. 68). By this motion, defendants argued that the MBTFA had "no extraterritorial effect and therefore the [p]laintiff has no cause of action for those claims relating to projects located outside of Michigan[.]"

On January 14, 2005, Judge Edmunds entered an order denying without prejudice defendants' motion in limine and denying defendants' motion for partial summary judgment. (Doc. Ent. 97). In so doing, she noted that defendants' request was not properly the subject of a motion in limine and stated that the relief sought might properly be the subject of a motion for summary judgment or an issue in determining jury instructions. She also concluded that an MBTFA claim is permitted in this case.[1]

On April 14, 2005, Judge Edmunds entered a scheduling order setting the discovery deadline for August 1, 2005; the dispositive motion deadline for September 1, 2005; the final pretrial order due date for December 8, 2005; the final pretrial conference for December 15, 2005; and the jury trial for January 10, 2006.

**B.     The Instant Motion to Compel**

On March 7, 2005, defendant Greenfield filed a motion to compel production of

---

[1] Judge Edmunds recognized that the elements of a civil remedy inherent in the MBTFA are:

> (1) the defendant is a contractor or subcontractor engaged in the building construction industry, (2) a person paid the contractor or subcontractor for labor or materials provided on a construction project, (3) the defendant retained or used those funds, or any part of those funds, (4) for any purpose other than to first pay laborers, subcontractors, and materialmen, (5) who were engaged by the defendant to perform labor or furnish material for the specific project. MCL 570.151 *et seq.*

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich. App. 43, 631 N.W.2d 59, 62 (Mich. App. 2001).

documents pursuant to Fed. R. Civ. P. 37(a)(2)(B). (Doc. Ent. 107). At issue are interrogatory numbers 1 and 2 of defendant Greenfield's third set of interrogatories and document request number 1 of defendant Greenfield's second set of document requests.[2]

Plaintiff filed a response on March 24, 2005 (Doc. Ent. 113). Defendant Greenfield filed a reply on April 5, 2005 (Doc. Ent. 116).

On April 29, 2005, I held a hearing regarding the instant motion.[3] Following oral argument, I took the motion under advisement.

**D.     Applicable Law**

**1.     Fed. R. Civ. P. 26**

Part V of the Federal Rules of Civil Procedure, Rules 26 through rule 37, governs depositions and discovery. Rule 26, which governs the scope and limits of discovery, states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Fed. R. Civ. P. Rule 26(b)(1).

**2.     Fed. R. Civ. P. 37**

---

[2] Defense counsel filed a notice of hearing on March 8, 2005. (Doc. Ent. 108). On March 16, 2005, Judge Edmunds referred this motion to me for hearing and determination. (Doc. Ent. 109). A hearing on this motion was scheduled for April 29, 2005. (Doc. Ent. 118).

[3] Plaintiff was represented by attorney Matthew J. Lund, and defendants were represented by attorney Joseph H. Heckendorn.

Rule 37 governs sanctions and the "failure to make disclosure or cooperate in discovery[.]" Subsection (a) of Rule 37 governs "[m]otion[s] [f]or [o]rder[s] [c]ompelling [d]isclosure or [d]iscovery." It states:

> (2) Motion.
>
> (A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification th confer with the party not making the disclosure in an effort to secure the disclosure without court action.
>
> (B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

Fed. R. Civ. P. 37(a)(2). As to expenses and sanctions, subsection (a) provides:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.
>
> (B) If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the

4

making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C) If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

Fed. R. Civ. P. 37(a)(4).

**E.  Analysis**

**1.  Plaintiff need not further respond to Interrogatory Nos. 1 and 2 of defendant Greenfield's third set of interrogatories and document request No. 1 of defendant Greenfield's second set of requests for production of documents.**

**a.  The discovery requests and responses at issue**

The discovery requests at issue were served upon plaintiff on March 19, 2004. Interrogatory number one seeks payment details (the payment amount, payment date, Accutech invoice number(s) to which the payment was applied, and the basis for applying the payment to the Accutech invoice number) for each of the payments plaintiff received from Clover with regard to the projects listed in Exhibit 2 to the complaint. Interrogatory number two seeks the same payment details for "all payments received from any source" with regard to the projects listed in Exhibit 2 to the complaint. Mtn. Ex. A. Request for production No. 1 requests production of "all documents reviewed, identified, and/or consulted in preparing your answers to Greenfield's Third Set of Interrogatories." Mtn. Ex. A.

Plaintiff's responses are dated April 21 and 22, 2004. As to the two interrogatories, plaintiff responded: "Accu-Tech objects to [Interrogatories 1 and 2] on the grounds that [they are] overly broad and burdensome and seek[] information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, subsection (d) is

5

vague and ambiguous. . . . Accu-Tech does not possess information that would allow it to provide a meaningful answer to this interrogatory." Mtn. Ex. B. Furthermore, as to interrogatory No. 2, plaintiff responded:

> Accu-Tech received a wire transfer in the amount of $1014.53 on January 29, 2003, and a check in the amount of $180 dated January 27, 2003 from Greenfield. The wire transfer was applied to invoices 23017838, 23014819, 23021427, 23013087 and the check was applied to invoice 23011685. Accu-Tech applied these specific payments to these specific invoices on the basis that the payment was received before the goods were shipped. Accu-Tech is unaware of the projects to which those payments relate, however, payment for goods supplied in relation to those payments was not included in Accu-Tech's claim.

Mtn. Ex. B. As to document request No. 1, plaintiff responded: "*See* Answers and Objections to Greenfield's Third Set of Interrogatories. Subject to and without waiving these objections, Accu-Tech will produce responsive documents." Mtn. Ex. B.

**b.     Defendant Greenfield's argument**

Defendant Greenfield claims it "is entitled to have its interrogatories answered and documents produced." Mtn. Br. at 2-6. Defendant Greenfield contends that plaintiff "has failed to provide meaningful answers to two of Greenfield's interrogatories and has failed to produce any responsive documents requested in Greenfield's document requests." Mtn. Br. at 2. Specifically referencing ¶ 22 of plaintiff's amended complaint and a portion of plaintiff's June 30, 2004, motion brief, defendant Greenfield claims that "[p]laintiff, has, throughout this proceeding purported to have such information." Defendant Greenfield also claims that plaintiff has represented in nearly every filing that "it has not been paid by Clover (or anyone else) on the projects listed in Exhibit 2 to the Amended Complaint[.]" Therefore, defendant Greenfield argues, plaintiff claims to know on "which projects it has and has not been paid." Mtn. Br. at 4. This, defendant Greenfield contends, is inconsistent with plaintiff's discovery response that

6

"Accu-Tech does not possess information that would allow it to provide a meaningful answer to this interrogatory." Mtn. Br. at 4-5.

Furthermore, defendant Greenfield argues that the requested information "is both highly relevant to Accu-Tech's case and Greenfield's defenses to Accu-Tech's claims." Citing *DiPonio Const. Co., Inc.*, defendant Greenfield claims that in order to succeed plaintiff "must establish that it has not been paid by Clover on each of these projects listed in Exhibit 2 to the Amended Complaint." Mtn. Br. at 5. According to defendant Greenfield, "if Accu-Tech cannot 'tie its paid invoices to specific projects' how can it prove that it did not get paid on the projects in Exhibit 2." Mtn. Br. at 5.

Finally, defendant Greenfield argues that this requested information "is information that is clearly in the exclusive control of the [p]laintiff." According to defendant Greenfield, "[o]nly Accu-Tech can provide the amount it received from Clover (or other sources)." Mtn. Br. at 5.

Defendant Greenfield concludes that "[e]ither the [p]laintiff can identify the bases it had to support its allegations in the [c]omplaint and [a]mended [c]omplaint, in which case the Court should compel Accu-Tech to provide meaningful answers to the interrogatories and to produce supporting documents, or the [p]laintiff cannot identify the bases it had to support its allegations (as [p]laintiff currently claims in its responses), in which case the Court should dismiss the case and award sanctions against the [p]laintiff for the filing of a frivolous lawsuit." Mtn. Br. at 5-6.

**c.  Plaintiff's response**

In sum, plaintiff objects to defendant Greenfield's motion on the bases that the requests seek irrelevant information; plaintiff cannot respond with a reasonable degree of accuracy; and arriving at the requested response would be extremely burdensome. Rsp. at 1-2. First, plaintiff

7

argues that "[t]he discovery requests at issue are not relevant to this lawsuit." Rsp. at 3-4. Plaintiff claims that it "has not ever, and will not seek to prove that it was unpaid on the projects at issue by asserting an ability to independently tie its invoices to Clover projects." Rsp. at 1. According to plaintiff, it "was only able to tie its *unpaid* invoices to projects because its Credit Manager [Akins] met with Clover personnel [Soli] before Clover ceased operation, and at that meeting, Clover personnel tied the unpaid invoices to Clover projects." Rsp. at 1. Plaintiff maintains that it "never sought such information with regard to its *paid* invoices[,]" and its "paid invoices . . . played no role whatsoever in [Akins/Soli] determination." Rsp. at 1, 4.

Second, plaintiff argues that "[r]esponding to the discovery requests at issue would place an undue burden on Accu-Tech and likely would not provide, with any reasonable degree of certainty, a meaningful answer." Rsp. at 4-6. Specifically, plaintiff contends that it "cannot provide an accurate response to the requests with any reasonable degree of accuracy because [it] does not maintain in the regular course of its business all documents necessary to do so." Rsp. at 2. Plaintiff explains that, in light of Soli's January 25, 2005, deposition testimony that "most Clover purchase orders contain a project number, which refers to a specific job project[,]" "it is now possible to attempt to tie Accu-Tech's paid invoices to a specific job project." Rsp. at 4-5. According to plaintiff, it would need to gather any invoice it ever issued to Clover and any purchase order Clover issued to plaintiff for 2001 - 2003. According to plaintiff, "it does not, in the ordinary course of its business, necessarily maintain all purchase orders that it receives from its customers." Rsp. at 5.[4]

---

[4]Plaintiff claims to possess "numerous bankers' boxes of documents at its warehouse facility that contain some of the Clover purchase orders, but certainly not all of them." Therefore, plaintiff argues, "the result of this exercise would not provide any meaningful answer to Greenfield's requests as there would surely be Accu-Tech invoices for which Accu-Tech does not

Additionally, plaintiff contends that "arriving at what would likely be an inaccurate and incomplete response (to an irrelevant request) could only be arrived at by placing an extreme burden on Accu-Tech." Rsp. at 2. Therefore, plaintiff argues, "this burden outweighs [defendant] Greenfield's need for [the requested] information[.]" Rsp. at 2. Plaintiff claims that, even if it had the Clover purchase orders, plaintiff would need to examine each of its invoices to Clover (referencing a Clover purchase order); locate the Clover purchase order referenced in the invoice (which might list a project number); and cross-reference the project number with plaintiff's list of project numbers relating to the fifty-seven projects on which the amended complaint is based. According to plaintiff, this "would be an extremely time intensive task as there are thousands of invoices that [plaintiff] issued to Clover for the time period in question." Rsp. at 5.

**d.     Defendant Greenfield's reply**

First, defendant Greenfield replies that its interrogatories and document requests seek relevant information. Rpl. at 2-3. Defendant Greenfield contends that "there could hardly be more relevant information[,]" and "[i]t is inconceivable that Accu-Tech would contend that information about the payments it received from Clover is not relevant." Rpl. at 1, 2. According to defendant Greenfield, "[i]t is plainly relevant to the [p]laintiff's claims because [p]laintiff is asserting that it did not receive payment for materials supplied to Clover on certain projects[;]" "[r]ecords showing which payments Accu-Tech received from Clover are clearly relevant to the

---

possess the corresponding Clover purchase order." Rsp. at 5. Plaintiff argues that if it possesses invoices that could not be tied to Clover purchase orders it "would not necessarily mean that Accu-Tech was not paid on those invoices, it would simply mean that it no longer possesses the corresponding Clover purchase order." Rsp. at 5-6. Therefore, plaintiff contends, "this burdensome exercise would not result in any meaningful information for Greenfield." Rsp. at 6.

9

issue of whether Accu-Tech was paid[;]" and "Greenfield is entitled to reconcile how Accu-Tech applied any funds it received from Clover." Rpl. at 2. Also, defendant Greenfield contends that "the information sought by Greenfield may support one o[r] more of its defenses." Rpl. at 3. For example, defendant Greenfield contends that it "would not be liable to the extent that the funds Greenfield paid to Clover can be tied to funds that Clover paid to Accu-Tech (or any other trust beneficiary)[,]" therefore it is "entitled to discover which payments Accu-Tech received from Clover." Rpl. at 3. Finally, defendant Greenfield contends that "information about the payments received may be used by [d]efendants to show that Accu-Tech has been paid for the materials provided on a particular project." Rpl. at 3. Defendant Greenfield claims that the requested information satisfies Fed. R. Civ. P. 26(b)(1)'s relevance requirement or is "reasonably calculated to lead to the discovery of admissible evidence". Rpl. at 1.

Second, defendant Greenfield replies that its interrogatories and document requests are not unduly burdensome. Rpl. at 4-5. Defendant Greenfield contends that plaintiff has not satisfied Fed. R. Civ. P. 26(c)'s "undue burden" standard. Rsp. at 1. Defendant Greenfield points out that plaintiff has not provided an "affidavit or documentary evidence for [its] position." Rpl. at 4, 1. Also, defendant Greenfield contends that plaintiff has not pursued the appropriate recourse of moving for a protective order, "because it knows it cannot meet the heavy burden." Rpl. at 4. Defendant Greenfield claims that plaintiff cannot meet the requisite burden, "because its objections are improper[.]" Rpl. at 5.[5]

e.  **Conclusion**

After considering the foregoing arguments and the oral arguments presented by counsel

---

[5]During the April 29, 2004, hearing, defense counsel represented that defendant Greenfield has produced Clover purchase orders on CD ROM.

at the April 29, 2005 motion hearing, I deny defendant Greenfield's motion to compel. As to relevance, defendant Greenfield points out that plaintiff's amended complaint alleges that "[i]nvoices related to at least fifty-seven (57) private building construction projects . . . remain unpaid. Identification of each of the Projects, and the amount due and owing, is attached hereto as Exhibit 2." (Doc. Ent. 62 [Amend. Compl.] ¶ 22); Mtn. Br. at 4. Furthermore, defendant Greenfield notes that in plaintiff's June 30, 2004, motion brief, it stated that "Accu-Tech's invoices relating to fifty-seven (57) private building construction projects . . . remain unpaid.[] By late 2002, Accu-Tech was owed $602,770.21 for materials used in the Projects." (Doc. Ent. 54 [Mtn. Br.] at 2); Mtn. Br. at 4.

While I recognize the arguable relevance of the requested discovery under Fed. R. Civ. P. 26(b)(1), I conclude that it is not appropriate to grant the relief defendant Greenfield requests. Defendant Greenfield's fourth set of interrogatories asked plaintiff to describe the details of all meetings plaintiff had "to determine the identification of the projects to which Accu Tech documents ACCU000 through ACCU01289 relate." Rsp. Ex. A at 16-17. On or about May 5, 2004, plaintiff answered in part:

> Michael Akins, Accu-Tech's Director of Credit Services, met in January 2003 with Suzanne Soli, Director of Supply Chain Management for Clover Technologies. The meeting took place at Clover Technologies Wixom facility. Accu-Tech's unpaid invoices were reviewed by Mr. Akins and Ms. Soli who, through the use of Clover's computer system, identified the corresponding Clover purchase orders, and corresponding Clover projects.

Rsp. Ex. A at 17. Therefore, I find that "Greenfield knows how Accu-Tech determined what projects relate to its unpaid invoices and likewise knows that Accu-Tech's paid invoices have no bearing whatsoever on the invoices for which Accu-Tech was not paid." Rsp. at 4.

In arriving at this conclusion, I have not ignored defendant Greenfield's argument

regarding the potential misapplication of payments. In its response to the instant motion, plaintiff argued that defendant Greenfield's articulated basis for the relevancy of the requested information is "simply unfounded[.]" Rsp. at 4. In reply, defendant Greenfield argued that it is entitled to reconcile plaintiff's application of Clover funds. Rpl. at 2.[6] During the April 29, 2005, motion hearing, plaintiff's counsel stated that there is no arguable basis for defendant Greenfield's argument that plaintiff might have misapplied payment(s). Defense counsel's rebuttal argument was that defendant Greenfield has a right to examine the application of payments to each invoice, but defense counsel also stated that misapplication is not the basis of the discovery requests. I agree with plaintiff's counsel's argument at the hearing that the request for all Clover purchase orders exceeds what is at issue in this case. Therefore, while arguably relevant in a theoretical sense, I conclude that the burden of finding and producing this material will not result in the furnishing of information that will be useful to the parties.

As to burden, Fed. R. Civ. P. 26(b)(2) sets forth limitations on discovery and specifically provides that "[t]he . . . extent of use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that: . . . "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P.

---

[6]Defendant Greenfield states that "[i]f Clover sent funds to Accu-Tech for payment on an invoice related to a project listed in Exhibit 2, Accu-Tech would have been required to apply those funds to the particular project for which the funds were received by Clover. Greenfield believes that Accu-Tech may have applied funds that were intended to be applied to invoices for projects in Exhibit 2 to other projects [elsewhere]." Rpl. at 2. Therefore, defendant Greenfield argues, "which payments were received by Accu-Tech from Clover and others is clearly relevant[.]" Rpl. at 2-3.

26(b)(2)(iii).  As defendant Greenfield points out, plaintiff has not substantiated its claim of burden with any affidavits or other documentary evidence.  Rpl. at 4, 1.  However, at the hearing, plaintiff argued that the resulting burden is not offset by the value of the possible relevant information that would be furnished to defendant Greenfield.  In rebuttal, defense counsel argued that answering the requests at issue is not as burdensome as plaintiff represents, because of the learning curve achieved by the progression of this case.  Even assuming, arguendo, that responding to the discovery requests at issue would not be unduly burdensome, I am persuaded by plaintiff's counsel's argument that responding to these requests would likely result in inaccurate responses, due to the fact that plaintiff "does not in the ordinary course of its business maintain purchase orders for which it has received payment."  Rsp. at 2, 5.

For the foregoing reasons, I conclude that the investment of time, effort and expense needed to produce the requested responses "outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(iii); plaintiff's relevance and burdensome objections are sustained; and defendant Greenfield's motion is denied.

**2.      Plaintiff need not reimburse defendant Greenfield's for its expenses related to the instant motion.**

Defendant Greenfield requests that this Court "[o]rder [p]laintiff to pay [d]efendant's reasonable costs and attorneys' fees incurred in obtaining this relief in the amount of $500.00[.]"  Defendant Greenfield asserts that "[p]laintiff's failure to provide the information requested is clearly unjustified."  According to defendant Greenfield, "[p]laintiff has refused and continues to refuse to produce the most essential documents and respond to the most basic interrogatories."  Mtn. Br. at 6.

In light of my conclusion that plaintiff need not further respond to Interrogatory Nos. 1

and 2 of defendant Greenfield's third set of interrogatories and document request No. 1 of defendant Greenfield's second set of requests for production of documents, defendant Greenfield's request for expenses is denied. Furthermore, I conclude that entry of a protective order is not necessary and "the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Therefore, I do not find that an award of expenses to plaintiff is justified pursuant to Fed. R. Civ. P. 37(a)(4)(B).

## II.     ORDER

In accordance with the foregoing opinion, defendant Greenfield's motion to compel production of documents pursuant to Fed. R. Civ. P. 37(a)(2)(B) (Doc. Ent. 107) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
Dated: May 2, 2005                UNITED STATES MAGISTRATE JUDGE

14