UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCU-TECH CORPORATION, a Georgia
corporation,

                              Plaintiff,         Case No. 03-71575

v.

                                                  Hon. Nancy G. Edmunds

HIRAM JACKSON, an individual;
GREENFIELD COMMERCIAL CREDIT,        Magistrate Judge Paul J. Komives
LLC, a Michigan limited liability company;
DONALD G. BARR, an individual; CLOVER
TECHNOLOGIES CAPITAL FUNDING,
LLC, a Michigan limited liability company,

                            Defendants,
_____/

## OPINION AND ORDER AWARDING COSTS AND ATTORNEY FEES TO PLAINTIFF

       My April 27, 2005 opinion and order (Doc. Ent. 122) granted in part and denied in part

plaintiff's January 13, 2005 motion (Doc. Ent. 95).  I granted in part plaintiff's request for costs

and attorney fees (Doc. Ent. 122 at 20), and stated that plaintiff's counsel could submit in letter

form a list of the reasonable attorney fees for which counsel sought reimbursement.  Defense

counsel would have an opportunity to respond and plaintiff could reply to defendant's response.

(Doc. Ent. 122 at 20).

       In his letter dated May 24, 2005, plaintiff's attorney (Lund) stated that costs related to the

January 13, 2005 motion and brief for sanctions (Doc. Ent. 95) totaled $3,039.00; costs related to

February 1, 2005, reply briefing (Doc. Ent. 105-1) totaled $2,120.00; and costs related to

attendance at hearing regarding fees totaled $504.00 – a grand total of $5,663.00.

       In a letter dated May 31, 2005, defendant's attorney (Sumnik) responded to plaintiff's

claim for costs.  Mr. Sumnik argued that plaintiff's requests were not reasonable based on the

information provided by Mr. Lund.  The crux of Mr. Sumnik's argument was a suspected inflation of charged hours by Mr. Lund.  Defense counsel then requested that the Court either find the fees not reasonable, or alternatively, require further proof on the part of the plaintiff.

In a letter dated June 6, 2005, Mr. Lund replied to defendant's response.  Mr. Lund asserted that all hours billed were hours actually spent on the case and not a rough estimate.  Mr. Lund argued that defendant should not be allowed to quibble over the hours spent when it was defendant who acted improperly by not responding in a timely fashion to the requests for proper answers to interrogatories.  In sum, plaintiff asked that the Court not consider defendant's challenge and award the full fees requested by plaintiff.

When awarding attorney fees, the Court must determine the reasonable amount according to various factors, including "(1) the skill, time, and labor involved, (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer, (3) the fee customarily charged in that locality for similar services, (4) the amount in question and the results achieved, (5) the expense incurred, (6) the time limitations imposed by the client or the circumstances, (7) the nature and length of the professional relationship with the client, (8) the professional standing and experiences of the attorney, and (9) whether the fee is fixed or contingent."  *Grow v. W.A. Thomas Co.*, 236 Mich.App. 696, 714-715, 601 N.W. 2d 426, 436 (1999) (citing *Wood v. Detroit Auto. Inter-Insurance Exchange*, 413 Mich. 573, 588, 321 N.W.2d 653 (1982)); *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich.App. 94, 114, 593 N.W.2d 595 (1999).  The dispute at hand sets its focus on the amount of time spent by plaintiff's counsel in preparing the two briefs and in making an appearance for the hearing regarding fees.  While Mr. Lund did give an hourly breakdown of the charges, no further information was submitted to verify the hours worked.  The Supreme Court has given some

guidance to courts in deciding reasonable attorney fees when it stated, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

I agree with defendant's argument that 9.8 hours spent in research and preparation of the motion for sanctions (Ent. Doc. 95) is excessive. Defense counsel correctly points out that three pages of the twelve page brief (or approximately twenty-five percent of the document) were taken directly from the December 2, 2004 order and defendant's supplemental answers. Furthermore, there were no case citations in the document, or indications of any research involved in writing it other than a reference to Fed. R. Civ. P. 37. Because there is no further documentation to verify the hours spent, plaintiff's fees related to the principal motion and brief will be reduced by 2.5 hours, or $787.50.[1] I conclude that 7.3 hours is a reasonable amount of time needed to prepare the motion for sanctions.

Furthermore, Mr. Lund claims a total of 8 hours spent on the reply brief for sanctions (Ent. Doc. 105-1). Again, I agree with defense counsel that this is excessive for a four page brief. Again, having nothing but the basic accounting by plaintiff, I find plaintiff's fees should be reduced by 1.5 hours, or $392.50.[2] I conclude that 6.5 hours is a reasonable amount of time to prepare the reply brief.

The Court does not discount plaintiff's argument that it was defendant who acted contrary to Fed. R. Civ. P. 33 and should have to deal with the consequences. That is, after all,

---

[1] Amount calculated is the hours multiplied by plaintiff's counsel's rate of $315 per hour.
[2] Amount calculated is a reduction of one hour spent by attorney VandeWyngearde, whose hourly rate is $235, and a half-hour reduction of the time spent by attorney Lund, whose hourly rate is $315 per hour.

the reason sanctions were granted.  However, with nothing to judge reasonable hours, other then the minimal breakdown in Mr. Lund's May 24, 2005 letter, I conclude a reduction of hours charged and the resulting fee calculation is proper.

In accordance with the foregoing opinion, plaintiff Accu-Tech Corporation's request for costs and attorney fees is GRANTED in the amount of $4,483.00.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
Dated: June 23, 2005                    UNITED STATES MAGISTRATE JUDGE


The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 23, 2005.

                    s/Eddrey Butts
                    Case Manager